This appeal marks another chapter in the litigious administration of the Estate of James Duncan Harvey. It arises from the consolidation of cases, an order of transfer from the general division of the Court of Common Pleas of Medina County to the Probate Court, a stipulation of the parties, and the assignment of Judge Robert J. Corts who was charged with hearing and ruling upon all outstanding issues in the cases. (The March 25, 1996 Stipulation provided, inter alia, that "all remaining issues outstanding in each of the four (4) cases shall be consolidated into one (1) case. The parties stipulate that this case shall be assigned to Judge Robert Corts, who shall have jurisdiction to hear and rule upon all remaining issues in all four (4) cases. All jury demands are hereby withdrawn.")
On September 8, 1997, Judge Corts executed a judgment consistent with a Memorandum Opinion identifying issues, found facts, findings of law, filed the same day.
It is from this judgment that James Donald Harvey, a son of decedent, James Duncan Harvey, appeals, assigning three errors:
I.
 The Trial Court erred, to the prejudice of Appellant, when it found ("Findings of Law No. 1") that the property known as 7451 Wooster Pike "left Olive E. Harvey should be conveyed by warranty deed to her successors in interest. The Court further finds that the deed shall contain property which abuts to and is contiguous with the property owned by Kenneth and Judith M. Spires. The 60 foot area left between the two properties by the Quit Claim Deed delivered to the Administrator with the Will Annexed, [is] an uneconomical use of property, [which] serves no useful function." Said Finding was against the manifest weight of the evidence and the Trial Court's Judgment Entry directing that "the property known as 7451 Wooster Pike shall be conveyed to the personal representative of Olive E. Harvey by warranty deed so as to be contiguous to and abutting the property owned by Kenneth and Judith Spires. . . ." was contrary to law and constituted an abuse of the Trial Court's discretion.
II.
 The Trial Court erred, to the prejudice of Appellant, when it found ("Findings of Law No. 3") that "James Donald Harvey shall pay the remaining $7,000.00 of his contribution to the partnership to the Estate of James Duncan Harvey." Said Finding was against the manifest weight of the evidence and the Trial Court's Judgment Entry directing that "James Donald Harvey is indebted to the Estate of James Duncan Harvey in the sum of $7,000.00 for which judgment is granted to the estate against James Donald Harvey." was contrary to law and constituted an abuse of discretion.
III.
 The Trial Court erred, to the prejudice of Appellant, when it found ("Findings of Law No. 6") that "the Estate of Olive E. Harvey shall receive from the Estate of James Duncan Harvey the sum of $68,964.60 for payment of her expenses from the time of the death of James Duncan Harvey to the time of her death. This is specifically provided for in the Last Will and Testament of James Duncan Harvey." Said Finding is against the manifest weight of the evidence and the Trial Court's Judgment Entry that "the Estate of James Duncan Harvey is indebted to the Estate of Olive E. Harvey in the amount of $68,964.60 for her living expenses between the date of death of James Duncan Harvey and the date of death of Olive E. Harvey for which judgment is hereby granted in favor of the Estate of Olive E. Harvey against the Estate of James Duncan Harvey." was contrary to law and constituted an abuse of discretion.
Appellant, James Donald Harvey was a partner with his father in a cattle raising enterprise known as James D. Harvey and Son. James Duncan Harvey (father) died testate on February 20, 1989, leaving Olive E. Harvey, his surviving wife, and James Donald Harvey and Judith M. Spires, children. Olive, his surviving spouse, died testate on September 29, 1993. Judith M. Spires is Executrix of her estate.
Consistent with the provisions of the "Restatement of Partnership Agreement" dated January 30, 1979, Appellant elected to purchase his deceased father's interest in the partnership. Earlier litigation initiated by the surviving spouse resulted in a final judgment holding, in essence, that Olive Harvey was not a partner.
The instant litigation is the consequence of efforts to reconfigure a parcel of realty and other administration disputes. Seven issues were presented to Judge Corts for adjudication. The court found in favor of various parties upon each of the issues. From those findings and judgments Appellant has appealed rulings on three of the issues.
We discuss each of the assignments of error and issues raised in order.
 I.
Appellant sought to persuade the court to subdivide or reconfigure the boundaries of the 7451 Wooster Pike parcel of land so as to create a 60 foot strip of land adjacent to the lot to the north owned by Appellant's sister and the sole beneficiary of the estate of Olive E. Harvey.
To the contrary, the court found "that the deed shall contain property which abuts to and is contiguous with the property owned by Kenneth and Judith M. Spires. The 60 foot area left between the two properties by the Quit Claim Deed delivered to the Administrator with the Will Annexed, and [sic] uneconomical use of property, which serves no useful function." Finding ofLaw #1.
Consistent with that finding the court adjudged: "1. That the property known as 7451 Wooster Pike shall be conveyed to the personal representative of Olive E. Harvey by warranty deed so as to be contiguous to and abutting upon the property owned by Kenneth and Judith Spires, James Donald Harvey is hereby appointed and designated as Commissioner to execute a warranty deed pursuant to this order." September 8 Judgment Entry, par.1.
Upon our independent examination of the evidence we find that the trial court's decision and judgment is not against the manifest weight of the evidence. We further find that the partition decision is an exercise of sound discretion by the trial court invested in by both the stipulation of the parties and law. "In order to have an 'abuse [of discretion]' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87, quoting State v. Jenkins (1984),15 Ohio St.3d 164, 222.
THE FIRST ASSIGNMENT OF ERROR IS OVERRULED.
 II.
The trial court found that Appellant "shall pay the remaining $7,000.00 of his contribution to the partnership to the Estate of James Duncan Harvey," Finding of Law #3, and granted Judgment of $7000 to the estate of James Duncan Harvey against James Donald Harvey.
Appellant's argument that he owes nothing further on account of the provisions of the partnership agreement is belied by the acknowledgments of his own brief. Appellant did elect to purchase the deceased partner's interest. The election triggered the formula provisions of Section 14 of the agreement, captioned "Purchase of Partnership Interest." The court calculated the price at $14,000, determined that $7000 had been paid, and assessed judgment for the balance. In that regard the judgment is neither contrary to the manifest weight of the evidence or an abuse of discretion.
THE SECOND ASSIGNMENT OF ERROR IS OVERRULED.
 III.
The trial court considered the issue of reimbursement to the Estate of Olive E. Harvey for living expenses from the time of death of her husband to the time of her death. Issue 6. The court found that the Estate of Olive E. Harvey "shall receive from the Estate of James Duncan Harvey the sum of $68,964.60 for payment of her expenses from the time of the death of James Duncan Harvey to the time of her death. This is specifically provided for in the Last Will and Testament of James Duncan Harvey." Finding of Law #6. The court granted judgment in that amount to the Estate of Olive E. Harvey and against the Estate of James Duncan Harvey. Judgment #6.
Extensive reconstruction of the convoluted posture of the parties created by the will of father, the bequest of the residue of his estate to the testamentary trust, and the failure to fund the trust, is unnecessary because the Appellee, William B. Young, Administrator W.W.A. of the Estate of James Duncan Harvey, agrees with Appellant. The brief of Appellee, Judith Spires, Executrix of the Estate of Olive E. Harvey, simply argues that the judgment was carefully considered by the trial judge and was not an abuse of discretion.
The effect of a reversal as to this matter is to authorize and direct the Estate of James Duncan Harvey to pay the widow's allowance of $5000 to the Estate of Olive E. Harvey. The fiduciary has agreed to do this. See Appellee Young's Brief, atp. 12. An additional consequence may be the next litigation chapter triggered by the creation of the testamentary trust and its provisions for beneficiary payout. In this regard it would be inappropriate to give an advisory opinion.
THE THIRD ASSIGNMENT OF ERROR IS SUSTAINED. PARAGRAPH 6 OF THE SEPTEMBER 8, 1997 JUDGMENT OF THE MEDINA COUNTY PROBATE COURT IN THESE CONSOLIDATED CASES IS VACATED AND HELD FOR NAUGHT.
THE JUDGMENT OF THE PROBATE COURT OF MEDINA COUNTY IS AFFIRMED IN PART AND REVERSED IN PART.
Judgment affirmed in part, reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 -------------------- JOHN R. MILLIGAN FOR THE COURT
SLABY, P. J., BAIRD, J., CONCUR